UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | |
|---|---|
| CHARLES A. THORNTON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 10-13-JMH |
| ) | |
| v. ) | |
| ) | |
| DEBORAH HICKEY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Charles A. Thornton is a prisoner confined at the Federal Medical Center in Lexington, Kentucky. Thornton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' refusal to consider him for a one-year reduction of his sentence pursuant to 18 U.S.C. § 3621 upon his successful completion of the Residential Drug Abuse Program (RDAP). [R. 2]  Upon review,[1] the Court will deny the petition on the first two grounds asserted in the petition as without merit, and direct the respondent to file a traverse as to the third.

I. **FACTUAL BACKGROUND**

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On September 22, 2005, Thornton pleaded guilty to conspiracy to possess and distribute over five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1), 846 and 18 U.S.C. § 2. On November 16, 2006, he was sentenced to a seventy-two month term of incarceration. *United States v. Thornton*, No. 05-CR-781 (N.D. Ill.) [R. 1, 8, 23 therein]

In June 2007, Thornton pleaded guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The indictment charged Thornton for his participation in a December 2000 scheme to provide false information to federally-licensed firearms dealers in Kentucky to purchase guns for resale to convicted felons in Chicago, Illinois, in violation of 18 U.S.C. §§ 2, 922(a)(5), and 922(d)(1). On September 6, 2007, he was sentenced to a thirty-seven month term of incarceration, twenty-five months of those to be served concurrently with the previously-imposed sentence. *United States v. Thornton*, 05-CR-152, (W.D. Ky.) [R. 1, 62, 93 therein]

Thornton began participation in the RDAP at some point following his surrender into BOP custody. Although 18 U.S.C. § 3621(e)(2)(B) gives the BOP the discretion to reduce an inmate's sentence by up to one year if he or she completes the program, this incentive is only available to those who were "convicted of a nonviolent offense." The BOP informed Thornton that, under this standard, he was not eligible to be considered for a sentence reduction.

On March 25, 2009, Thornton challenged that determination by

filing a Form BP-229 inmate grievance with the warden, in which he asserted that refusal to consider him for the sentence credit violated the Administrative Procedure Act, 5 U.S.C. § 706(2)(a), and "[t]he director's discretion is arbitrary and capricious in denying me release."  On April 22, 2009, the warden denied the grievance, noting that under BOP Program Statement 5162.05, where an inmate's current conviction is for conspiracy under 18 U.S.C. § 371, it is considered a violent offense if the underlying offense is considered violent.  Because the BOP considers the underlying offenses, firearms violations under 18 U.S.C. §§ 922(a)(5), 922(d)(1), violent offenses under Program Statement 5162.05 § 3(a), it considers Thornton's conspiracy conviction a violent offense under 5162.05 § 3(c).

Thornton properly appealed the warden's denial to the BOP's Mid-Atlantic Regional Office (MARO) on April 30, 2009.  While MARO acknowledged receipt of the appeal, the office never responded to the grievance on the merits after granting itself an extension of time to July 7, 2009 to respond.  In September 2009, the prison's regional administrative remedy coordinator inquired of MARO regarding the status of its review, and MARO responded that it was continuing to seek further information to respond.  Thornton filed new grievances with MARO and the Central Office regarding the same matter in October 2009, but both were rejected as procedurally improper.

In his petition, Thornton contends that the BOP's refusal to consider him for a sentence reduction is arbitrary and capricious,

violates Section 706 of the APA, and is improperly based upon the underlying offenses rather than the conspiracy charge he was actually convicted of.

**II. DISCUSSION**

An inmate who wishes to pursue habeas relief under Section 2241 must first exhaust his available administrative remedies within the prison before resort to a judicial forum. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006). In this case, Thornton filed a grievance with the warden and, dissatisfied with the result, timely appealed that denial to MARO. Thornton is correct that, when MARO failed to respond after extending its time to do so until July 7, 2009, he was entitled to "consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Had Thornton appealed to the Central Office within 30 days as he was then permitted to do, 28 C.F.R. § 542.15(a), he could have exhausted his administrative appeals. However, since Thornton took no further steps to complete the grievance process, he effectively abandoned his grievance, and his claim remains unexhausted.

While Thornton failed to pursue the further appeal made available to him by Section 542.18, it is equally true that where prison officials fail to timely respond to a submitted written grievance, the exhaustion requirement may be deemed satisfied, both in civil rights actions subject to the Prison Litigation Reform Act's mandatory exhaustion requirement, *Boyd v. Corr. Corp. of America*, 380 F.3d 989 (6th Cir. 2004), and in habeas corpus

proceedings, *Fazzini*, 473 F.3d at 235-36. The documents tendered by Thornton indicate that the BOP has had ample opportunity to address his concerns, but has yet to do so. Under these circumstances, the Court will not refuse deny a petition for failure to exhaust administrative remedies where the prisoner made every effort to do so but the BOP failed to respond for over six months beyond its allotted time.

18 U.S.C. § 3621(e) requires the BOP to provide drug abuse treatment programs to eligible prisoners. To provide an incentive for prisoner participation, the BOP is authorized to reduce the sentence of a prisoner convicted of a "nonviolent offense" by up to one year if he or she successfully completes the program. 18 U.S.C. § 3621(e)(2)(B). Because the statute does not define what offenses qualify as "nonviolent," the BOP has authority to define that term administratively. *Lopez v. Davis*, 531 U.S. 230, 240-43 (2001).

On March 16, 2009, the BOP updated Program Statement 5162.05, which identifies certain crimes as "crimes of violence" for several purposes, including the denial of benefits such as eligibility for a sentence reduction under Section 3621(e). To classify a conviction for an attempt offense or conspiracy to commit an offense,

> ... it is necessary to examine the "underlying offense" (what the defendant was conspiring to do or attempting to do). If the underlying offense is categorized as violent pursuant to Section 3.a. of this Program Statement, e.g., murder, then the attempt or the conspiracy offense is also violent.

Program Statement 5162.05 § 3(c).  Applying this provision to Thornton, the warden determined that because the BOP categorizes the offenses underlying his conspiracy conviction, drug trafficking violations under 21 U.S.C. §§ 841, 846, and firearms violations under 18 U.S.C. §§ 922(a)(5), 922(d)(1), as violent offenses under Section 3(a), Thornton's conspiracy conviction under 18 U.S.C. § 371 constituted a violent offense.

Thornton's challenge to this individualized determination as an "arbitrary and capricious" decision must fail, as the BOP's adjudicative determinations in applying the statute to particular circumstances are not subject to review in this court.  18 U.S.C. § 3625 ("The provisions of sections ... 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."); *Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000) ("Because the Administrative Procedure Act does not apply to § 3621, we may not review whether the BOP erred in [a] particular case, but may only review whether the BOP exceeded its statutory authority in construing § 3621(e)(2)(B).")

Thornton also contends the BOP violated Section 706 of the APA by failing to "provide a reasonable rationale for its categorical exclusion rule."  Section 706 sets forth the remedial provisions of the APA; it does not contain substantive or procedural requirements.  To the extent Thornton claims the BOP failed to comply with the rulemaking requirements of 5 U.S.C. § 553, a Program Statement is not considered a regulation, but merely an

interpretative rule or general statement of policy, both of which are excepted from the APA's procedural requirements. 5 U.S.C. § 553(b)(3)(A); *Reno v. Koray*, 515 U.S. 50, 61 (1995); *Kotz v. Lappin*, 515 F.Supp.2d 143 (D.D.C. 2007). This claim is therefore also without merit.

Finally, Thornton challenges the BOP's categorical determination to consider conspiracy or attempt convictions "violent offenses" in all instances where the underlying offense is considered a violent offense. The Tenth Circuit addressed this argument in *Hunnicutt*:

> We have held that a § 371 conviction for conspiracy to commit a federal crime of violence itself constitutes a "crime of violence," and is, therefore sufficient to support a conviction under 18 U.S.C. § 924(c)(1) for use or carrying of a firearm during and in relation to a crime of violence. We based this holding on the fact that "an overt act in furtherance of the object of conspiracy [i]s an element of a conspiracy conviction" under § 371.
>
> ... Because the elements of [petitioner's] conspiracy conviction included an overt act in furtherance of the offense of using or carrying a firearm, we conclude that the BOP's interpretation of § 3621(e)(2)(B) was reasonable, and that it acted within its statutory authority, in classifying a conviction under § 371 for conspiracy to use or carry a firearm during and in relation to a drug trafficking offense as a crime of violence, precluding eligibility under § 3621(e)(2)(B).

*Hunnicutt*, 229 F.3d at 1000-01. Under this approach, the BOP may properly classify a conviction for conspiracy to commit a substantive offense as a violent offense where the underlying substantive offense is itself considered a violent offense. Thus, for example, an inmate convicted of conspiracy to use or carry a

firearm during the commission of a drug trafficking crime would be ineligible for consideration under Section 3621(e) because the offense underlying the conspiracy charge, use or carrying a firearm during a drug offense, is itself a "crime of violence" under Section 924(c).

In the present case, the offenses underlying Thornton's conspiracy convictions are to possess and distribute over five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1); transfer of firearms across state lines between individuals not licensed to do so in violation of 18 U.S.C. § 922(a)(5); and transfer of a firearm to a convicted felon in violation of 18 U.S.C. § 922(d)(1).

Thornton's conviction for possession of cocaine with intent to distribute under Section 841(a)(1) is not, by itself, a violent offense. *See LaSorsa v. Spears*, 2 F.Supp.2d 550, 559-60 (S.D.N.Y. 1998) (Sotomayor, J.) (BOP regulation defining habeas petitioner's Section 841 conviction for possession with intent to distribute as "crime of violence" was contrary to established law under 18 U.S.C. § 924(c), and therefore invalid), *aff'd*, 182 F.3d 900 (2d Cir. 1999). Consistent with such authority and the Supreme Court's holding in *Lopez*, the BOP only considers a Section 841(a)(1) conviction one for a violent offense when the prisoner has received a sentencing enhancement indicating a heightened risk of violence, such where the prisoner possessed a firearm during commission of the offense. *See* Program Statement 5162.04 § 4; *Lopez*, 531 U.S. at 240-44. In this case, neither Thornton's plea agreement nor the

Judgment and Commitment Order indicate that such an enhancement was made.  *See United States v. Thornton*, No. 05-CR-781 (N.D. Ill.) [R. 8, 23 therein]

Nor do petitioner's firearms trafficking offenses under Section 922(a)(5) and Section 922(d)(1) appear to constitute violent offenses.  Courts interpreting functionally-identical statutory language have concluded that they do not.  *See United States v. Phillips*, No. 89-307, 1989 WL 156198, at *2-3 (D. Mass. December 26, 1989) (refusing to order defendants detained without bail under 18 U.S.C. § 3142(e)'s "dangerousness" ground because the offenses charged, conspiracy to transfer firearms without a license under Section 371 and 922(a)(5), did not constitute "crimes of violence" as defined by 18 U.S.C. § 3156(a)(4)(B), and hence did not fall within the meaning of 18 U.S.C. § 3142(f)(1)(A)); *see also United States v. Carter*, 996 F.Supp. 260, 263-65 (W.D.N.Y. 1998) ("Using the 'categorical approach' model, I am simply unable to agree with the government that the generic offense of unlicensed dealing or transporting firearms in interstate commerce is a crime which, by its nature, poses a substantial risk that physical force may be used *in the commission of the offense itself*.") (*citing Phillips*).

This conclusion is also consistent with the Supreme Court's recent holding in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581 (2008).  There, the Court held that a prior conviction is only a "violent felony" under the Armed Career Criminal Act - which uses a functionally-identical definition of the term at issue here -

under 18 U.S.C. § 924(e)(2)(B)(ii)'s residual clause where it is "roughly similar, in kind as well as in degree of risk posed" to the crimes expressly enumerated in 18 U.S.C. § 924(e)(2)(B)(I), namely burglary, arson, extortion, or crimes involving the use of explosives, as such crimes "typically involve purposeful, violent, and aggressive conduct." *Begay*, 128 S.Ct. at 1586.

In light of the foregoing, the Court will direct the respondent to file a traverse to the petition to facilitate review of petitioner's remaining claim.

### III. CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Clerk of the Court shall send a copy of the Petition and this Order by certified mail to Respondent Warden Deborah Hickey, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

2. Respondent shall file a responsive pleading to the Petition within 30 days, and shall include relevant documentary evidence which bears upon the allegations contained in the Petition.

3. Petitioner must keep the Clerk of the Court informed of his current mailing address. ***Failure to notify the Clerk of any address change may result in a dismissal of this case***.

4. Petitioner must send a copy of every document he files with the Court to the Respondent or its attorney. The original document Petitioner files with the Court must include his statement certifying that he has done so and the date the document was mailed

to the Respondent. Any document filed without the required certification will be disregarded by the Court.

     5. Petitioner must communicate with the Court ***solely*** through notices or motions filed with the Court. ***The Court will disregard correspondence sent directly to the judge's chambers.***

     This 25th day of January, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge